IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BROWN, <br><br> Petitioner, <br><br> v. <br><br> D. SPROUL, Warden, <br><br> Respondent. | Case No. 22-cv-1218-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for a preliminary review of this Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner David Brown, a federal inmate incarcerated at the United States Penitentiary Marion (USP Marion), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Brown is challenging Respondent D. Sproul's alleged failure to adequately evaluate his request for transfer to a residential re-entry center (RRC) as a non-prerelease inmate under 18 U.S.C. § 2621(b).

Rule 4 provides that upon preliminarily consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases beyond 28 U.S.C. § 2254.

## Relevant Facts and Procedural History

Brown is a federal military inmate serving a military sentence at USP Marion in Illinois (Doc. 1, p. 10). Brown was court-martialed on September 18, 2018, for a sex offense (Doc. 1, p. 21). His scheduled release date is January 2024 (Doc. 1, p. 10).

Brown was formerly housed in the United States Disciplinary Barracks (USDB) (Doc. 1, p. 20). Brown had a parole eligibility date of May 3, 2019 (Doc. 1, p. 20). In October 2020, Brown had his parole board hearing with the Army Clemency and Parole Board (ACPB) (Doc. 1, p. 20). The ACPB denied Brown's request for parole (Doc. 1, p. 20). In January 2021, Brown filed his appeal for the denial of parole to the Deputy Assistant Secretary of the Army (DASA) (Doc. 1, p. 20). He also filed a § 2241 petition for the denial of parole with the District Court for the District of Kansas (Doc. 1, p. 20). In March 2021, DASA denied Brown's parole appeal (Doc. 1, p. 20). On September 16, 2021, Brown's appeal of the § 2241 petition in the District Court of Kansas was also denied (Doc. 1, p. 20).

Brown was later moved to USP Marion and requested the warden to consider him for halfway house transfer under § 3621(b); his request was denied (Doc. 1, p. 13). Brown then asked his case manager for transfer to a halfway house (Doc. 1, p. 13), to which his case manager responded that Brown was not eligible since he was 20 months away from his scheduled release, which is over the 17–19-month threshold for consideration. (Doc. 1, p. 9, 13).

In September 2021, Brown filed a request for an administrative remedy seeking consideration for transfer to an RRC as a non-prerelease inmate for participation in the Sex Offender Treatment (SOT) program (Doc. 1, p. 2, 14). Sproul filed a response

indicating that Brown was already housed at a facility offering SOT programs and a transfer was not necessary (Doc. 1, p. 15). Disappointed in this response, Brown filed an administrative remedy appeal (Doc. 1, p. 16) and it appears that Brown has since exhausted all his administrative remedies (Doc. 1, p. 10).

Throughout all Brown's requests to the BOP, he "request[ed] to be reviewed for RRC placement as a 'non-prerelease' inmate" with the relief being "transfer to an RRC" (Doc. 1, p. 10).

Brown filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 21, 2022 (Doc. 1).

## DISCUSSION

A non-prerelease inmate is an inmate who requests transfer to an RRC when more than twelve (12) months remain from their projected release date. *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010); *Lee v. English*, 2019 WL 3891147 (D. Kan. Aug. 19, 2019). Non-prerelease inmate requests for transfer are governed by 18 U.S.C. § 3621(b). Some courts have ruled that the BOP cannot immediately deem an inmate ineligible for transfer to an RRC and staff should review the inmate's request on an individual basis. *See Wedelstedt v. Wiley,* 477 F.3d 1160, 1167 (10th Cir. 2007); *see also Jones v. Hendrix,* 2020 WL 4342629 (E.D. Ark. May 21, 2020) (citing *Lee*, 2019 WL 3891147 at 13). The United States Court of Appeals for the Seventh Circuit has not weighed in on non-prerelease inmate evaluation.

The BOP has discretion to decide whether and when an inmate should be placed at an RRC and factors to consider include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and

characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

In his petition, Brown alleged his request for an immediate transfer to an RRC as a non-prerelease inmate was denied after the warden failed to apply the criteria of § 3621(b). Brown requested transfer to a "halfway house" as a non-prerelease inmate (Doc. 1, p. 11), and stated he is entitled to the transfer based on the individualized factors listed under § 3621(b).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the very fact or duration of his physical imprisonment, such as a quantum change in the level of custody. *Davis v. United States*, 2017 WL 2214874 (S.D. Ill. May 19, 2017) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)). It is also proper if the prisoner is seeking immediate or speedier release. 28 U.S.C. § 2241(c)(3); *Stokes v. Cross*, 2014 WL 503934 (S.D. Ill. Feb. 7, 2014). Ultimately, habeas corpus is the exclusive civil remedy for prisoners seeking release from custody. *Preiser*, 411 U.S. 475 at 489. On the other hand, challenging the conditions or location of confinement is better brought as a civil rights action. *Preiser*, 411 U.S. 475 at 499. When a prisoner is not challenging the very fact of his confinement, but rather the conditions under which he is being held, then the suit must be brought under 42 U.S.C. § 1983.

The Seventh Circuit has held that habeas petitions are not the proper vehicle for requesting a change of prison quarters. *Adams v. Bledsoe*, 173 Fed. Appx. 483, 484 (7th Cir. 2006); *Pischke v. Litscher*, 178 F.3d 497, 500-01 (7th Cir. 1999); *Falcon v.*

*U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995). "A prisoner seeking relief under § 2241 must demonstrate the custody is unlawful, and not that an administrative official made a mistake in the implementation of the statute or regulation." *Bush v. Pitzer,* 133 F.3d 455, 456–57 (7th Cir. 1997). Because Brown is not challenging his custody as unlawful or unconstitutional, and he is not requesting outright release, habeas corpus relief is not the proper vehicle for this suit.

Additionally, even if § 2241 was the proper vehicle for relief, the warden properly denied the transfer of Brown to an RRC. Inmates do not have a constitutional right to a transfer, and the statute is silent regarding when the BOP must consider a request for a transfer. *See Wyre v. Cross*, 2014 WL 1304642 (S.D. Ill. Mar. 28, 2014). Further, there is no binding case law that provides "inmates are statutorily or constitutionally entitled to an individualized analysis using the five factors listed in § 3621(b) each time they request a transfer. *Id*. Therefore, the BOP did not need to consider the relevant factors in making its determination regarding Brown. *Id*.

Furthermore, the Court cannot order the relief Brown seeks in his petition for "transfer to a halfway house" (Doc. 1, p. 11). The Court only has discretion to order the warden to reconsider Brown's transfer request. A district court's order does not have a binding effect on the authority of the BOP to determine or change the place of imprisonment of that person. *Tapia v. U.S.*, 564 U.S. 319, 331 (2011).

## CONCLUSION

For the reasons set forth above, the Court **DENIES** David Brown's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441 (Doc. 1). This case is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within sixty (60) days of the entry of judgment. *See* Fed. R. App. Proc. 4(a)(1)(B). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. Proc. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. Proc. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–859 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the sixty (60)-day appeal deadline. *See* Fed. R. App. Proc. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this twenty-eight (28)-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:   October 24, 2022**

s/ *Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**
